CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

NICHOLAS M. PARKER (CABN 297860)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7368
    nicholas.parker3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:24-CR-00113 JD |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Hearing Date:  December 15, 2025 |
| KEVIN ESTRADA MEJIA, | Hearing Time:  10:30 a.m.<br>Courtroom:  11 |
| Defendant. | Court:  Hon. James Donato |

## I.    INTRODUCTION

On January 29, 2024, this Court sentenced the defendant, Kevin Estrada Mejia, to 12 months and one day in prison following his conviction on one count of aiding and abetting the distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. *See* Case No. 3:23-cr-00298 JD ("2023 Case"), Dkts. 47–49. The defendant was out on bond at the time and, rather than immediately remand him to custody, the Court granted the defendant's request that he be allowed to self-surrender, giving him one week to do so. *See* 2023 Case, Dkt. 46 (imposing voluntary surrender deadline of 2:00 p.m. on February 5, 2024). Three days before he was due to turn himself in, the defendant repaid the Court's kindness by disabling and/or removing his ankle monitor, cutting off

contact with his Pretrial Services officer, and absconding from supervision. *See* Case No. 3:24-cr-00113 JD ("2024 Case"), Dkt. 27 (PSR) ¶ 11. He was a fugitive for about 13 months before federal agents found and arrested him in Portland, Oregon, on March 6, 2025. *See* PSR ¶ 12. The arresting agents found several suspicious items in the defendant's apartment, including a firearm, cash, and suspected drugs:

The government submits this sentencing memorandum to advise the Court why it believes a sentence of 12 months in custody—a sentence that by statute *must* be served consecutively to the defendant's undischarged sentence in the 2023 Case, *see* 18 U.S.C. § 3146(b)(2)—is an appropriate disposition of the 2024 Case. The U.S. Probation Office has recommended the same sentence. The defendant has not yet made a sentencing recommendation to the Court.

## II.     DISCUSSION

### A.  Procedural History

The defendant was originally indicted in February 2024, about two weeks after he failed to self-surrender in the 2023 Case, on charges of failure to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2) [Count One], and contempt, in violation of 18 U.S.C. § 401(3) [Count Two]. *See* 2024 Case, Dkt. 1. The government subsequently obtained a superseding indictment charging the same two offenses but alleging a different penalty provision on Count One. *Compare* 2024 Case, Dkt. 12 (charging a violation of 18 U.S.C. § 3146(a)(2) and (b)(1)(A)(i)), *with* 2024 Case, Dkt. 1 (charging a violation of 18 U.S.C. § 3146(a)(2) and (b)(1)(A)(iii)). On September 29, 2025, the defendant pleaded guilty to Count One of the superseding indictment pursuant to a Rule 11(c)(1)(B) plea agreement. *See* 2024 Case, Dkt. 24.

In his plea agreement, the defendant agreed, among other things, (i) to the Guidelines calculation noted below, which results in a total offense level of 9; and (ii) that the Probation Office should impose a suspicion-less search condition for any period of supervised release. *See* 2024 Case, Dkt. 24 at ¶¶ 7–8. In exchange for the defendant's guilty plea, the government has agreed to dismiss Count Two of the superseding indictment and to recommend a sentence no higher than the high end of the range associated with the agreed-upon Guidelines calculation. *See id.* at ¶¶ 14, 16.

### B.  Sentencing Guidelines Calculation

The government agrees with the Probation Office's calculation of the Sentencing Guidelines, which mirrors the parties' calculation as set forth in their plea agreement. *See* PSR ¶¶ 16–25, 52; 2024 Case, Dkt. 24 at ¶ 7. Specifically, the government agrees the total offense level is 9. *See* PSR ¶ 25.

The government also agrees with the finding of the Probation Office that the defendant has two criminal history points flowing from his conviction in the 2023 Case, placing him in Criminal History Category II. *See* PSR ¶¶ 28–31. A total offense level of 9, at Criminal History Category II, yields an advisory sentencing range of 6–12 months of imprisonment. *See* PSR ¶ 52; U.S.S.G. ch. 5, pt. A.

### C.  Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See United States v. Carty*, 520

F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Sentencing Guidelines. *See id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *See id.* at 991–93.

In arriving at the appropriate sentence for Mr. Mejia, and in light of 18 U.S.C. § 3553(a), the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

### D. Recommended Sentence and Section 3553(a) Factors

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a sentence of 12 months in custody, which must be served consecutively to the defendant's undischarged sentence of 12 months and one day in the 2023 Case. Such a sentence would be sufficient, but not greater than necessary, to reflect the purposes of sentencing, in consideration of the nature of the offense and the history and characteristics of the defendant. In addition, the defendant has agreed that an expanded search condition may be imposed during any term of supervised release. *See* 2024 Case, Dkt. 24 at ¶ 8. Given the nature of this offense, the requested condition is necessary to serve the interests of deterrence and rehabilitation.

As a young, first-time offender, the defendant received the benefit of the doubt over and over again in the 2023 Case: he was on pretrial release for the duration of that case in view of, among other things, his relatively substantial ties to the Bay Area; he received a significantly below-Guidelines sentence; and he was permitted to self-surrender to serve that sentence. The defendant then rewarded the Court's benevolence by betraying its trust—absconding from supervision and fleeing the jurisdiction rather than

turning himself in to serve his modest sentence. He does not now deserve the grace he previously received. Only a sentence at the high end of the applicable Guidelines range would (i) appropriately reflect the seriousness of, and provide just punishment for, this offense; (ii) promote general deterrence; and (iii) adequately account for the history and characteristics of the defendant.

### III.   CONCLUSION

In full consideration of the goals of sentencing, the government respectfully requests that the Court sentence the defendant to 12 months of imprisonment—to be served consecutively to the defendant's undischarged sentence of 12 months and one day in the 2023 case, and to be followed by three years of supervised release. The government further asks that the Court include the expanded search condition to which the defendant has already agreed among the conditions of his supervised release. The defendant shall also pay a mandatory special assessment of $100.

DATED:  December 1, 2025                                          Respectfully submitted,

                                                                  CRAIG H. MISSAKIAN
                                                                  United States Attorney

                                                                   /s/ *Nicholas Parker*
                                                                  NICHOLAS M. PARKER
                                                                  Assistant United States Attorney